# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**January 29, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**William W.,**
**Petitioner Below, Petitioner**

**vs)**     **No. 15-0306** (Fayette County 15-C-65)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner William W.,[1] pro se, appeals the order of the Circuit Court of Fayette County, entered on March 24, 2015, denying his petition for a writ of habeas corpus. Karen Pszczolkowski, Warden, Northern Correctional Facility, by counsel Laura Young, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in January of 2005 on two counts of first-degree sexual assault, two counts of incest, and two counts of sexual abuse by a parent, guardian, or custodian. The alleged victim was petitioner's granddaughter, S.H., who was born in 1995.

On the date his trial was to begin, petitioner's counsel suffered a medical episode and a mistrial was declared. On the first day of the second trial, petitioner's counsel again was suffering from medical issues and was excused and replaced by another lawyer from his firm. Petitioner subsequently absconded and did not reappear for the remainder of the trial. S.H., then eleven years

---

[1]Consistent with our practice in cases involving sensitive facts, we use only petitioner's first name and last initial, and identify the minor victim only by her initials. *See State ex rel. W.Va. Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

1

old, testified against petitioner. Subsequently, the jury found petitioner guilty of all six counts. Following petitioner's apprehension, the circuit court sentenced him to fifteen to thirty-five years of incarceration on each of the two first-degree sexual assault charges; five to fifteen years of incarceration on each of the two incest charges; and ten to twenty years of incarceration on the sexual abuse by a parent, guardian, or custodian charges. All counts were to run consecutively except the incest charges which were to run concurrently. Petitioner was resentenced in October of 2008 for purposes of appeal. This Court refused to hear the appeal by an order entered on June 3, 2009.

Petitioner filed three prior habeas petitions: Nos. 10-C-170-H, 12-C-77-H, and 13-C-25-H. In No. 10-C-170-H, petitioner raised ineffective assistance of counsel, denial of his right to be mentally competent during trial, and excessive sentence. In No. 12-C-77-H, petitioner raised ineffective assistance of counsel, insufficient evidence, and problems with jury selection. In No. 13-C-25-H, petitioner raised ineffective assistance of counsel and mental incompetency at trial, and asserted that he should have been evaluated for mental competency. The circuit court denied petitioner's petition without a hearing in all three cases, but petitioner appealed the denial of habeas relief only in Nos. 10-C-170-H and 12-C-77-H. In *[William W.] v. Seifert*, No. 101620, at 2 (W.Va. Supreme Court, December 7, 2012) (memorandum decision) ("*William W. I*"), this Court affirmed the denial of petitioner's habeas petition in No. 10-C-170-H, noting that the circuit court judge "presided in every proceeding in [petitioner's] underlying case, from arraignment, through two jury trials and sentencing, and with the knowledge and experience gained through presiding in all of the aforementioned." (Emphasis omitted.) In *[William W.] v. Seifert*, No. 12-0490, at 3 (W.Va. Supreme Court, February 11, 2013) (memorandum decision) ("*William W. II*"), this Court specifically found that "the circuit court did not err in failing to hold an evidentiary hearing."

Petitioner filed the instant petition for a writ of habeas corpus on March 9, 2015, alleging ineffective assistance of counsel and prosecutorial misconduct. On March 24, 2015, the circuit court denied the petition. First, the circuit court found that petitioner's ineffective assistance claims were "substantially similar" to those made in the prior cases and that previously made findings that counsel performed effectively encompassed any new claim. *See William W. I*, No. 101620, at 2 (affirming circuit court's finding that petitioner was "fairly and effectively represented by effective trial counsel"); *see William W. II*, No. 12-0490, at 2 (affirming denial of habeas relief by finding, *inter alia*, "no merit in petitioner's ineffective assistance of counsel claims."). Second, the circuit court determined that the prosecutor did not impermissibly ask the jury to put themselves in the place of the victim or her family during his opening statement.

Petitioner appeals the circuit court's March 24, 2015, order denying habeas relief. We review a circuit court's order denying a habeas petition pursuant to the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

On appeal, petitioner complains that he still has not had a habeas proceeding in which counsel was appointed and an evidentiary hearing was held. Pursuant to Syllabus Point 2 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606, 608 (1981), the doctrine of res judicata will not bar subsequent habeas petitions until there has been an omnibus evidentiary hearing and appointment of counsel. In *William W. II*, we specifically determined that petitioner's arguments did not require an evidentiary hearing. No. 12-0490, at 3. Based on our affirmations of its earlier denials of habeas relief in both *William W. I* and *William W. II*, the circuit court found that petitioner's ineffective assistance claims were "substantially similar" to those made in the prior cases and determined that previously made findings that counsel performed effectively encompassed any new claim. As respondent notes, "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus *without a hearing and without appointing counsel* for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657, 658 (1973) (Emphasis added.). Upon our review of petitioner's current ineffective assistance claims, we determine that the circuit court's previous findings constituted an adequate basis on which to find those claims to be without merit. We conclude that the circuit court did not clearly err in finding that petitioner's ineffective assistance of counsel claim lacked merit.

Second, petitioner reiterates his position that there was prosecutorial misconduct. The circuit court found that the prosecutor did not impermissibly ask the jury to put themselves in the place of the victim or her family during his opening statement. "Only an argument that urges the jurors to put themselves in the place of the victim or the victim's family is an improper 'golden rule' argument." Syl. Pt. 4, *State v. Clements*, 175 W.Va. 463, 466, 334 S.E.2d 600, 603 (1985). Petitioner contends that the prosecutor's use of the phrase "lowest forms of humanity" still inflamed the jury's passions against petitioner. Respondent counters that the prosecutor's descriptions of a betrayal of trust and the lowest form of humanity were directed at the conduct of which petitioner stood accused—not at petitioner himself. We note that the charged conduct comprised a grandfather allegedly sexually abusing his granddaughter. Thus, we find that the descriptions the prosecutor used were not improper under the facts and circumstances of this case. We conclude that the circuit court did not abuse its discretion in rejecting this ground of relief and in denying petitioner's petition for a writ of habeas corpus.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: January 29, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4